```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


CARL FRANKLIN TATE,            §
TDCJ #737043,                  §
           Petitioner,         §
                               §
v.                             §
                               §   CIVIL ACTION NO. H-05-0507
DOUG DRETKE, Director          §
Texas Department of Criminal   §
Justice, Correctional          §
Institutions Division,         §
                               §
           Respondent.         §
```

**MEMORANDUM OPINION AND ORDER**

Carl Franklin Tate, proceeding pro se, filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his state court conviction. Pending before the court is Respondent Dretke's Motion for Summary Judgment (Docket Entry No. 8), to which Tate has responded (Docket Entry No. 10). For the reasons discussed below, the court will grant the motion for summary judgment and dismiss Tate's petition for a writ of habeas corpus.

**I.   Procedural History and Claims**

On October 24, 2003, in the 182nd District Court of Harris County, Texas, Tate pleaded guilty and was sentenced to ten years' confinement for the felony offense of aggravated assault-family violence. Tate did not directly appeal his conviction. On

July 6, 2004, Tate filed a state habeas application with the Harris County district clerk pursuant to Texas Code of Criminal Procedure article 11.07.  Ex parte Tate, Application No. 955062-A.  Tate's state habeas application alleges that (1) his conviction was obtained through the use of a coerced confession and (2) the prosecution failed to disclose evidence favorable to his defense.[1]  Presently, this state habeas applica-tion is pending in the district court and has not been forwarded to the Texas Court of Criminal Appeals for resolution.

Tate filed an application for a writ of mandamus with the Court of Criminal Appeals on November 15, 2004, urging the court to order that Tate's appointed counsel be required to submit an affidavit explaining his conduct in advising Tate to plead guilty.  Ex parte Tate, Application No. 60,655-01.  The application was denied without written order on January 26, 2005.  Id. at cover.

In the instant petition for federal habeas relief, filed on February 15, 2005, Tate raises the same claims (Docket Entry No. 1, at 7).  Respondent moves for summary judgment and argues that Tate's claims are not properly before this court because Tate has not exhausted his state court remedies.

---

[1] See Petitioner's Response to Motion for Summary Judgment, Docket Entry No. 10, at Exhibit B (Respondent's Original Answer to Petitioner's Application for State Habeas Relief).

## II. **Failure to Exhaust**

Tate's federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). See Lindh v. Murphy, 117 S. Ct. 2059, 2063 (1997). Section 2254(b) of the AEDPA provides, in part, that "an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1). Section 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c). The exhaustion requirement is satisfied only when the substance of the federal claims has been fairly presented to the state courts for disposition. Picard v. Connor, 92 S. Ct. 509, 512 (1971); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982). In Texas habeas petitioners need not pursue both direct and collateral review to the highest court of the state in order to exhaust state remedies; either will suffice. See Busby v. Dretke, 359 F.3d 708, 723 (5th Cir. 2004); Orman v. Cain, 228 F.3d 616, 620 (5th Cir. 2000); Richardson v. Procunier, 762 F.2d 429 (5th Cir. 1985).

The exhaustion requirement is not satisfied until the Texas Court of Criminal Appeals disposes of Tate's pending state habeas

application. Tate's application for a writ of mandamus does not satisfy the exhaustion requirement because the disposition of the application does not constitute collateral review of Tate's conviction. See Moore v. Cain, 298 F.3d 361, 366-67 (5th Cir. 2002) (holding that because an application for a writ of mandamus does not constitute collateral relief, the application did not toll the AEDPA's limitations period). Therefore, out of concern for principles of comity between the state and federal judicial systems, this court cannot consider Tate's claims. See Picard, 92 S. Ct. at 512.

### III.  Conclusion and Order

Because the Texas Court of Criminal Appeals has not completed its review of the claims raised in Tate's state habeas application, Tate has not exhausted his state court remedies, and the court cannot consider his federal habeas claims. Respondent Dretke's Motion for Summary Judgment (Docket Entry No. 8) is therefore **GRANTED**.

Tate's Petition for a Writ of Habeas Corpus (Docket Entry No. 1) is **DISMISSED without prejudice**.

**SIGNED** at Houston, Texas, on this 12th day of August, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE